## AFFIDAVIT

I, Matthew Curley, being duly sworn according to law, depose and state as follows:

1.  Your Affiant is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and has been so employed since May 2019. Prior to becoming a Task Force Officer, your Affiant was a Parole Officer from April 2017 until the present. Your Affiant has completed the Corrections Training Academy, the ATF Crime Gun Investigative Training, the Cuyahoga County Medical Examiner's DNA forensic training and the United States Marshals' High Risk Fugitive Apprehension training. Your Affiant has also completed a Bachelor of Arts in Political Science and German language at Heidelberg University. In addition to the firearms related training in these courses, your Affiant has also conducted and participated in numerous investigations involving firearms, firearms trafficking, and narcotics.

## PROBABLE CAUSE

2.  Since December 2022, ATF Special Agents and Task Force Officers, along with other law enforcement agencies, have been conducting a criminal investigation of Jayon FLORENCE regarding violations of Title 21 U.S.C. Section 841 (a)(1) - Possession with Intent to Distribute Controlled Substances; Title 21 U.S.C. 846 - Conspiracy to Distribute Controlled Substances and Possession of a Firearm in Furtherance of a Drug Trafficking Offense and Title 21 U.S.C. Section 841(a)(1)

3.  August 31, 2022, the Cleveland Police Department, along with the Ohio Adult Parole Authority, located Malik BROOKS who had multiple warrants for his arrest. While patrolling in the area of Harvard and E. 93rd St., BROOKS was located, and a follow was

conducted. Cleveland Police Department (CPD) Gang Impact Units initiated a take-down on BROOKS, who attempted to flee Officers. During his escape attempt, BROOKS crashed into multiple CPD vehicles and fled on foot until he was apprehended.

4. BROOKS was found to possess a Glock 19, 9mm pistol loaded with thirty-three rounds of 9mm ammunition with an installed auto-sear device, 36.56 g of fentanyl, 2.84 g of crack-cocaine, over $1000 in cash, multiple scales, and a cell phone. BROOKS was transported to the Cuyahoga County jail for a parole violation.

5. While incarcerated at the Cuyahoga County jail, BROOKS made several phone calls admitting to possessing all aforementioned items, to being a drug dealer and to switching his dope phone over to "Booman", who later has been identified as Jayon FLORENCE. Your Affiant believes that FLORENCE has taken over BROOKS drug trafficking business while BROOKS is incarcerated. Furthermore, your affiant believe that FLORENCE is maintaining the narcotics business for BROOKS in order to pay for BROOKS' lawyer. After obtaining a federal search warrant on the cell phone that was in possession of BROOKS, your affiant observed multiple photos of FLORENCE are present and firearms.

6. Utilizing law enforcement databases, your affiant conducted a query of FLORENCE. The query indicated that FLORENCE has a residential address of 13305 Harvard Ave. Cleveland, Ohio 44105. Your affiant compared the Ohio driver license photo of FLORENCE and compared them to the photos in BROOKS phone and was able to confirm they are the same person.

7. Your affiant avers that while reviewing the phone data from BROOKS' phone he located FLORENCE's phone number "216-713-5739". Your affiant conferred with TFO Donald Kopchak who is working as an undercover officer (UC). The UC contacted FLORENCE on

2

December 13, 2022. The UC arranged to meet FLORENCE on December 14, 2022. The UC arranged to purchase 200 dollars of narcotics from FLORENCE.

8. On December 14, FLORENCE called the UC and directed him to E.115 and St. Clair. FLORENCE told the UC to park at the gas station. The UC drove to E. 115 and St. Clair and after a few minutes FLORENCE called the UC and told him to drive down to E. 115 and park. FLORENCE told the UC, "I don't do business where cameras are". Your affiant avers that the UC drove to E. 115 and parked. A short time later FLORENCE called the UC and told the UC to drive down the street and informed the UC that he, " FLORENCE," was standing in the middle of the street.

9. ATF Agents were conducting surveillance on E. 115 and observed FLORENCE walk to the middle of the street. The agents observed the UC and FLORENCE meet and observed the UC give FLORENCE the pre-recorded government funds in exchange for $ 200.00 of narcotics. Agents observed the UC drive away and while FLORENCE was adjusting his waist band, they observed a tan Glock firearm in the waist band. Agents continued to conduct surveillance and observed FLORENCE drop an item, when FLORENCE went to pick the item up they observed an extended firearm magazine in FLORENCE'S front right pants pocket. During this time ATF investigators continued to conduct surveillance at E. 115 and witnessed FLORENCE sell suspected narcotics to multiple individuals while in the area while possessing a firearm, a violation of Title 21 U.S.C. Section 924(c)(1). After the purchase, the UC turned over the just purchased suspected crack cocaine and suspected fentanyl to TFO Curley.

10. Your affiant transported the suspected crack cocaine and suspected fentanyl, obtained from the controlled purchase operation to the ATF Cleveland Group II Field Office, the crack cocaine had a field weight of approximately 1.6 grams, and the suspected fentanyl had a

3

field weight of 2.0 grams. Your Affiant avers that a NIK field test was conducted of the purchased suspected crack cocaine. The NIK field test gave a positive test result for cocaine. Your Affiant avers that the NIK field test kit has been utilized by your affiant and members of the ATF and CPD in the past on numerous occasions, and when said field tested substances were re-tested by the Cuyahoga county lab, the results of the NIK test have proven to be true and accurate; said field test has never proven to be inaccurate in the experience of affiant. The purchased cocaine was sent to the CCRFSL ("Cuyahoga Regional Forensic Science Laboratory") for further testing.

11. On December 22, 2022, ATF UC contacted FLORENCE utilizing phone number 216-713-5739, via text messages. The ATF UC told FLORENCE he has $ 200.00 and asked if he was good to come through "Common drug talk to ask if the drug trafficker has narcotics and is available. FLORENCE responded to ATF UC "Yea". FLORENCE and the ATF UC had a conversation on where to meet. The ATF UC told FLORENCE to meet him at Fleet and Broadway.

12. Affiant avers that the UC drove to the Advance Auto Parts located at 7440 Broadway Avenue, Cleveland Ohio. Affiant avers that a short time later a black SUV pulled into the parking lot. Affiant avers that FLORENCE rolled down the driver side window of the SUV and told the UC to get into his vehicle. Affiant further avers that the UC gave FLORENCE the pre-record government funds for $ 200.00 of suspected fentanyl. Affiant avers that assisting agents and TFO's attempted to follow FLORENCE but due to his aggressive driving style they had to terminate the surveillance.

13. SA Seible met with the ATF UC and took possession of the just purchased suspected fentanyl. During the debrief of UC controlled purchase. The UC stated that FLORENCE had approximately two ounces of suspected fentanyl on his person. The UC stated that FLORENCE pulled a large bag out of his hoody pocket.

4

14. The suspected fentanyl was transported back to ATF Cleveland Group II office where it had a field weight of 5.22 grams. The suspected fentanyl was sent to the Cuyahoga County Regional Forensic Science Laboratory (CCRFSL), where it was tested. The suspected fentanyl tested positive for heroin (Schedule 1), acetyfentanyl (Schedule 1), fluorofentanyl, fentanyl (Schedule II), 4-ANPP and cocaine (Schedule II).

15. Your affiant avers that on December 23, 2022, he was contacted by the Beachwood police and made aware that the Beachwood Police Department recovered a stolen vehicle at the Beachwood Place Mall, within the vehicle, Police Officers located a stolen firearm, multiple license plates, and approximately 32 grams of suspected heroin. Also, within the vehicle, FLORENCE's state of Ohio identification was located.

16. On December 28, 2022, ATF UC communicated with FLORENCE via text utilizing 216-713-5739. The ATF UC asked FLORENCE "what the ticket was for 5". This is common talk for what is the price for 5 grams. FLORENCE responded back with "250" and then told the ATF UC that he would look out for him and that he will take care of him.

17. Affiant avers that on December 30, 2022, ATF UC communicated with FLORENCE via text utilizing phone number 216-713-5739. ATF UC asked again about the 5 grams. FLORENCE told the ATF UC to come to E. 115 and St. Clair. Affiant further avers that ATF UC drove to E. 115 and St. Clair and then parked on the street approximately at 632 E.115. Affiant avers that surveillance units observed a white SUV with Maryland license plate 4EP0098 park behind the UC.

18. Affiant avers that the UC exited his vehicle and walked to the driver side of FLORENCE'S vehicle. Affiant avers that the UC gave FLORENCE the pre-recorded government funds in exchange for the predetermined amount of suspected fentanyl. Affiant further avers that

5

the UC got back into his vehicle and left the area. The UC met with TFO Curley and turned over the just purchased suspected fentanyl.

19. Affiant avers that the suspected fentanyl was transported to the ATF Cleveland group II officer where it has a field weight of 6.0 grams. Affiant further avers that the suspected fentanyl was transported to the CCRFSL where it was tested and found to be positive of heroin (Schedule I), acetyfentanyl (Schedule I), fluorofentanyl, fentanyl, 4-ANPP, cocaine (Schedule II) and weighed 5.96 grams.

20. On January 6, 2023, a Federal Search Warrant for Telephone records pertaining to the location of the target cell phone of FLORENCE was granted.

21. From January 6, 2023, until January 13, 2023, ATF criminal investigators recorded location information that led to multiple locations of the target cell phone, but ultimately the target cell phone was within 401 meters of the intersections at Phillips Avenue and Bender Avenue or Rozelle Avenue within East Cleveland, Ohio, within the Northern District of Ohio, Eastern Division.

22. On January 13, 2023, the ATF UC contacted FLORENCE utilizing phone number 216-713-5739, FLORENCE told the UC that he still has to get dressed and come outside. FLORENCE told the ATF UC to relax that "the shit isn't going anywhere". ATF Agents were monitoring the cell phone pings from FLORENCE'S phone. While doing that ATF agents were in the area of Melbourne when they located the Chevy Equinox with Maryland license plate 4EP0098. The Equinox was parked in the driveway of the SUBJECT PREMISES. A short time later FLORENCE sent the ATF UC a text message telling the UC he would be ready in a minute and instructed the UC to travel to E. 115th Street Cleveland, Ohio to conduct the narcotics purchase. Upon arriving at East 115th street, the ATF UC informed FLORENCE he was at the location.

FLORENCE was observed exiting the SUBJECT PREMISES, and entered the white Chevy Equinox, bearing Maryland license plate 4EP0098. ATF investigators then followed FLORENCE to East 115th street where they observed FLORENCE park behind the ATF UC. The ATF UC exited his vehicle and walked to the passenger side of FLORENCE'S vehicle. The ATF UC opened the passenger side door and FLORENCE gave the ATF UC the predetermined amount of narcotics in exchange for the pre-recorded government funds. The ATF UC got back in his vehicle and left the area. Assisting ATF agents and TFO's followed FLORENCE as he left E. 115. FLORENCE was followed back to the SUBJECT PREMISES. Agents observed FLORENCE park in the driveway and enter the SUBJECT PREMISES. It should be noted that the cell phone pings from FLORENCE'S phone mimic the same movement as FLORENCE.

23. The ATF UC was followed to a predetermined location where he handed over the just purchased narcotics from FLORENCE. The narcotics were transported to the ATF Cleveland Group II office where the suspected crack cocaine was weighed and had a field weight of 2 grams and the suspected fentanyl has a field weight of 7.2 grams. During the debrief the ATF UC stated that FLORENCE has a black Glock firearm on his driver seat. The ATF UC stated he could see the silver tab which would be where the serial number would be for Glock firearms. Furthermore, your affiant avers that drug traffickers keep firearms on their person or within their reach in order to protect their product or money.

Your Affiant avers that a NIK field test was conducted of the purchased suspected cocaine. The NIK field test gave a positive test result for cocaine. Your Affiant avers that the NIK field test kit has been utilized by your affiant and members of the ATF and CPD in the past on numerous occasions, and when said field tested substances were re-tested by the Cuyahoga County lab, the

7

results of the NIK test have always proven to be true and accurate; said field test has never proven to be inaccurate in the experience of affiant.

### D. CONCLUSION

24. Based upon the above listed facts and circumstances, your Affiant believes and asserts that there is probable cause to believe there is probable cause to believe that violations of Title 21 U.S.C. Sections 846 and 841(a)(1) - Conspiracy to Distribute Controlled Substances, Title 18 U.S.C. Section 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Offense and Title 21 U.S.C. Section 841 (a)(1) - Possession with Intent to Distribute a Controlled Substance, are being committed, and will be committed by Jayon FLORENCE. The above violations were committed in the Northern District of Ohio, Eastern Division. Your Affiant requests that an arrest warrant be issued for Jayon FLORENCE

_____
Matthew Curley
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, per Fed. R. Crim. P. 4.1, 41(d)(3) on this 17th day of January, 2023. at 4:48 p.m.

_____
JENNIFER D. ARMSTRONG
UNITED STATES MAGISTRATE JUDGE

8